█ STANLEY KLEIN et al., Individually and on Behalf of All Those Similarly Situated, et al., Respondents, v. MAX WEBER et al., Appellants.— In an action for injunctive and other relief, defendants appeal from an order of the Supreme Court, Westchester County, dated August 9, 1973 and entered in Putnam County, which granted plaintiffs a preliminary injunction. Order modified by adding thereto a provision that the preliminary injunction is applicable only with respect to the swimming pool and the facilities reasonably attendant thereon, namely, the kiddy pool, the parking lot and the bathhouses. As so modified, order affirmed, without costs. On the authority of *Neponsit Prop. Owners' Assn.* v. *Emigrant Ind. Sav. Bank* (278 N. Y. 248) and *Nicholson* v. *300 Broadway Realty Corp.* (7 N Y 2d 240), the case for granting plaintiffs' request for a permanent mandatory injunction to allow them the use of a certain swimming pool is almost indisputable. However, since the covenant in question is with respect to the pool only, the order under review, which appears to compel defendant to give plaintiffs access to the entire recreational facility, was overbroad. Plaintiffs should be afforded access only to the pool and the facilities reasonably attendant to the pool, namely, the kiddy pool, the parking lot and the bathhouses. Gulotta, P. J., Hopkins, Latham, Shapiro and Cohalan, JJ., concur.